Bonnie L. SALINA, Plaintiff—
Appellant,

v.

PROVIDENCE HOSPICE OF SE-
ATTLE, a Washington non-profit cor-
poration; Providence Hospice of Se-
attle Foundation, a Washington non-
profit corporation; Providence Health
System, a Washington non-profit cor-
poration; Sisters of Providence–Moth-
er Joseph Providence, a Washington
non-profit corporation; Does 1–20, fic-
titiously named persons or entities,
Defendants—Appellees.

No. 05–35624.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 5, 2007.*

Filed Feb. 8, 2007.

---

* This panel unanimously finds this case suit-
able for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2).

Donald H. Mullins, Esq., Mark J. Wilson, Esq., Badgley Mullins Law Group, PLLC, Seattle, WA, for Plaintiff–Appellant.

Boris Gaviria, Esq., Davis Wright Tremaine, LLP, Bellevue, WA, Paula L. Lehmann, Esq., Jennifer Schubert, Esq., Davis Wright & Tremaine, LLP, Seattle, WA, for Defendants–Appellees.

Before: FISHER and TALLMAN, Circuit Judges, and MILLS, District Judge.**

### MEMORANDUM ***

Bonnie Salina appeals the district court's grant of defendants' motion for summary judgment on employment claims she brought under the Washington Law Against Discrimination ("WLAD"), the Americans with Disabilities Act ("ADA"), the Family Medical Leave Act ("FMLA") and the Employee Retirement Income Security Act ("ERISA"). We affirm.

The district court properly granted summary judgment on Salina's claim under WLAD because defendant Providence Hospice of Seattle ("Hospice") is a nonprofit religious organization exempt from that statute's coverage. *See* Rev.Code Wash. § 49.60.040(4). Hospice's equal opportunity policy is not inconsistent with its invocation of the exemption and Salina has failed to provide material evidence that she relied upon the policy. Hospice is therefore not estopped from claiming the exemption. *See Farnam v. CRISTA Ministries,* 116 Wash.2d 659, 807 P.2d 830, 840 (1991) (rejecting estoppel argument when it was "undisputed that CRISTA at all times held itself out to Farnam as a religious organization and never represented to her that it would not assert the exemption").

Salina's argument that she had 300 days to file her ADA charge with the Equal Employment Opportunity Commission has been waived, and fails in any event because Hospice is a nonprofit religious organization over which the Washington State Human Rights Commission lacks jurisdiction. Salina's ADA claim was therefore barred as untimely. *See* 42 U.S.C. § 2000e–5(e)(1); 29 C.F.R. § 1601.13.

We agree with the district court that there is no material dispute of fact that Salina was terminated before she applied for FMLA leave on November 21, 2001. Even if Salina had been on FMLA

---

** The Honorable Richard Mills, Senior United States District Judge for the Central District of Illinois, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

leave when she was terminated, she has nonetheless failed to provide any evidence that her taking of such leave was a factor in Hospice's decision to terminate her. *See* 29 U.S.C. § 2614(a)(3)(B) (providing that FMLA does not create any new rights that would not have existed had the employee not taken leave).

■ The district court also properly found that Salina waived her ERISA claim by failing to oppose Hospice's argument that she presented no evidence that defendants interfered with any prospective benefit protected by the statute. *See Ritter v. Hughes Aircraft Co.,* 58 F.3d 454, 457–58 (9th Cir.1995). Finally, the district court did not abuse its discretion when it denied an extension of time for Salina to file her opposition brief or when it denied the motion to amend the complaint.

**AFFIRMED.**